69 F.3d 549
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re David W. WESTON, Debtor,
Vicki S. Weston; Individually and as parent of Hayley
Weston, Piper Weston and Steele Weston; Brooke
Brockbank Weston; Drew Weston; Paige
Weston, Wade Weston and Ty
Weston, Appellants,
v.
John B. MAYCOCK, Trustee, Appellee.
 No. 95-4158.
(D.C.No. 95-CV-826).
 United States Court of Appeals, Tenth Circuit.
 Oct. 27, 1995.
 
 1
 Before MOORE, BRORBY, and HENRY, Circuit Judges
 
 ORDER AND JUDGMENT[1]
 PER CURIAM
 
 2
 This matter is before the court on appeal from the district court's denial of appellants' motion for a temporary stay of the bankruptcy court order pending the district court's ruling on appellants' stay motion. Appellants have taken this appeal from the district court order denying their request for a temporary stay, citing 28 U.S.C. 1292(a)(1) as a jurisdictional basis. This court has a duty to examine its own jurisdiction. City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1045 n. 8 (10th Cir.1994), cert. denied, 115 S.Ct. 1254 (1995).
 
 
 3
 Section 1292(a)(1) confers jurisdiction in this court over appeals from interlocutory orders of the district courts "granting, continuing, modifying, refusing or dissolving injunctions." Appellants argue that jurisdiction lies under this statute because the district court's denial of a temporary stay pending its disposition of the stay motion has the "practical effect" of granting or refusing an injunction. See Utah ex rel. Utah State Dep't of Health v. Kennecott Corp., 14 F.3d 1489, 1496 (10th Cir.), cert. denied, 115 S.Ct. 197 (1994). Section 1292(a)(1) has three jurisdictional prerequisites. The challenged order must have "(1) the practical effect of refusing an injunction, (2) threaten a serious, perhaps irreparable, consequence, and be (3) effectually challenged only by immediate appeal." Id. (quotations omitted). Because we hold that appellants have made insufficient showings as to the second and third requirements, this appeal is DISMISSED for lack of jurisdiction.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470